

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*
*1007 N. Orange Street, Suite 700*     (302) 573-6277
*P.O. Box 2046*                          *FAX (302) 573-6220*
*Wilmington, Delaware 19899-2046*

October 18, 2006

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Judge
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:  **United States v. Terrance Sirmans**
           **Criminal Action No. 06-67-SLR**

Dear Judge Robinson:

      The Court has scheduled a Suppression Hearing in the above-referenced matter for October 23, 2006 at 1:00 p.m. This letter provides background on the factual circumstances of the case, the issues that the Government understands the defendant will raise at the hearing, and a brief synopsis of the Government's legal position regarding those issues.

      The defendant, Terrance Sirmans, was arrested on December 23, 2005 at the residence of his sister, Vameika Cephas, at 25 South Cannon Drive in Wilmington. The defendant – who was wanted on an arrest warrant and an outstanding capias – was arrested by a team of Delaware State Police and Delaware State Probation and Parole Officers, who were executing a State of Delaware Justice of the Peace Court search warrant at the residence. (The search warrant is attached, along with its accompanying application and affidavit, as Exhibit A.). At the residence, the officers recovered a Hi-Point .380 caliber pistol (serial number P833687), which was loaded with nine rounds, on a shelf in a laundry room near the entrance to the home. The defendant has been charged with one count of being a felon in possession of that firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

      After reviewing the defendant's Motion to Suppress and after conferring with defense counsel, the Government understands that the defendant will make two arguments at the Suppression Hearing: (1) that the warrant did not contain sufficient probable cause for a judicial officer to determine that the defendant was associated with the 25 South Cannon Drive residence; and (2) that a defect in the search warrant – the inadvertent inclusion of the name of another individual, Curtis Henderson, in the body of the warrant – renders the warrant invalid. *See* Motion to Suppress (Sept. 26, 2006) at 1-2. The Government will demonstrate at the Suppression Hearing that, for the reasons discussed below, both of these arguments should be denied.

First, a review of the search warrant and accompanying affidavit demonstrates that sufficient information was presented to the Justice of the Peace to allow the J.P. to make the probable cause determination at issue. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (noting that probable cause is determined by a "totality-of-the-circumstances analysis," under which the issuing judge must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."). This Court reviews the issuing judge's probable cause determination with great deference, to determine whether that judge had a substantial basis for making the determination. *Id.* at 238-39; *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000); *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir.1993). Therefore, "a reviewing court is to uphold the warrant as long as there is a substantial basis for a fair probability that evidence will be found." *Id.* at 1205 (footnote omitted). The supporting affidavit to a search warrant application must be read in its entirety and in a common sense and nontechnical manner. *Id.* at 1206.

The affidavit accompanying the search warrant clearly provides a substantial basis for a fair probability that the defendant would be located at the 25 South Cannon Drive residence.[1] Among the facts listed in the affidavit are the following:

- During an office visit in May 2003, the defendant told a probation officer that his sister, Ms. Cephas, resided at "25 Edgemoore Gardens" and the 25 South Cannon Drive residence is located in the Edgemoore Gardens complex;
- During an office visit in July 2005, the defendant stated to a probation officer that he was going to try to live with Ms. Cephas;
- On October 20, 2005, a probation officer conducted a home visit to the defendant's last officially reported address (115 Highland Boulevard; Apt. B; New Castle, DE) and spoke with the defendant's wife, who stated that the defendant was living with his "sister" and who provided a phone number for the defendant's sister that matched a phone number the defendant had previously given the Probation and Parole office for Ms. Cephas;
- The defendant had received a traffic ticket while driving a red Ford Crown Victoria, and a 1990 red/maroon Crown Victoria was registered to Ms. Cephas at the 25 South Cannon Drive address;
- The defendant was seen leaving the scene of an October 2005 robbery in a red or maroon older-model Ford vehicle;

---

[1] As the defendant's challenge is to whether the facts contained in the affidavit are adequate to establish probable cause, the Court's review is confined to the information provided in the four corners of the affidavit. *See United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993); *United States v. Leatherbury*, Crim. Act. No. 03-52-GMS, 2004 WL 286945, at *2 (D. Del. Feb. 13, 2004); *United States v. Washington*, Crim. No. 00-513-1, 2001 WL 726923, at *1 (E.D. Pa. June 27, 2001). Both the Government and defense counsel agree that, as a result, testimony on this issue is not necessary at the hearing.

- Ms. Cephas had another vehicle (a 1998 Chevrolet) registered to her at the 25 South Cannon Drive address, which had been observed at that address in the few weeks prior to the signing of the warrant – considered along with the evidence above, this lead the officer who signed the affidavit, Probation and Parole Officer Mark Herron, to believe that Ms. Cephas regularly drove that Chevrolet;
- Officer Herron had observed the 1990 Ford Crown Victoria nearby to the 25 South Cannon Drive address on several occasions in the three weeks prior to the signing of the warrant; and
- Just prior to the issuance of the warrant, Officer Herron saw the 1990 Ford Crown Victoria parked nearby to the 25 South Cannon Drive residence, with a new paper license plate displayed – a license plate that was traced to a vehicle registered to the defendant's mother.

Based upon all of the information listed above, the issuing judge clearly had a substantial basis for a fair probability to believe that the defendant was connected to the residence that was the subject of the search.

Even should the Court determine that there was no substantial basis for the J.P.'s probable cause determination, suppression of the evidence seized in this search is proper only if the Court were to conclude that the investigating officer could not have had an objectively reasonable belief in the existence of probable cause. *See United States v. Leon*, 468 U.S. 897, 922-25 (1984); *United States v. Hodge*, 246 F.3d 301, 307-10 (3d Cir. 2001); *United States v. Williams*, 3 F.3d 69, 73-74 & n.4 (3d Cir. 1993). A fair reading of the affidavit shows that there was significant evidence linking the defendant to the 25 South Cannon Drive residence. Thus, the affidavit was not "'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Williams*, 3 F.3d at 74 n.4. Therefore, the defendant's Motion to Suppress based on the purported lack of probable cause in the search warrant affidavit should be denied on this ground as well.

With respect to the second issue raised by the defendant – the inadvertent inclusion of the name of another individual in the search warrant – that mistake did not render the warrant defective, as the warrant contained sufficient particularity to meet the requirements of the Fourth Amendment. The search warrant's caption correctly lists the case as "In the Matter of: Terrance Sirmans . . . and the property located at 25 S. Cannon Drive, Wilmington DE 19809/ Maroon 1990 Ford Crown Victoria." Exhibit A at 00000130.[2] Due to an oversight, the body of the search warrant lists the property to be searched as "the body of Curtis Henderson, and any documents falsely used to identify Mr. Henderson" regarding drug-related charges that related to a separate case involving that individual. *Id.* Officer Herron will testify that this error occurred when he inadvertently failed to delete Henderson's case information from the template provided by a prior search warrant and replace it with language referring to the defendant.

---

[2] The warrant also permitted the search of the 1990 Ford Crown Victoria. The vehicle was searched and no contraband was found inside it.

However, the search warrant also refers back to the application and affidavit for a description of the person and places to be searched. *See id.* (noting that there is probable cause for the search based upon the facts set forth in "the annexed affidavit and application or complaint for a search warrant," and that the property to be searched is being concealed in the premises, place and person "described in the annexed affidavit and application or complaint"). The defendant is the only suspect referred to in the application and affidavit, which also clearly describe the two places relating to the defendant that were to be searched: the 25 South Cannon Drive residence and the 1990 Crown Victoria. *See id.* at 00000125-00000127. The application also contains specific identifying information of the defendant, such as his date of birth and SBI number. *See id.* at 00000125. Lastly, Officer Herron will testify that he and the other officers executing the warrant clearly understood that the defendant and the 25 South Cannon Drive address were the person and place to be searched when they executed the search warrant. Indeed, Officer Herron was not even aware that Curtis Henderson's name and information were mistakenly included in the search warrant until well after the warrant had been executed.

The Fourth Amendment requires that an issued warrant "particularly describ[e] . . . the person or things to be seized." *United States v. Doe*, 703 F.2d 745, 747 (3d Cir. 1983). This "reasonable certainty" requirement both insures that a sufficient showing of probable cause has been made to the issuing magistrate and minimizes the risk of error by the executing officer. *Id.* In line with this principle, courts have regularly held that even if a warrant contains an error in the description of the place or person to be searched or arrested, if the warrant and accompanying affidavit provide sufficient information to make the target of the warrant clear and if the officers themselves are not confused as to the target, the error does not invalidate the warrant. *See, e.g., United States v. Benavides*, 854 F.2d 701, 702 (5th Cir. 1988) (finding arrest warrant was not constitutionally defective where, due to clerical error, defendant's name was inadvertently not inserted in portion of warrant listing person to be arrested, where defendant's name was otherwise listed in the title of the warrant) (citing *United States v. Carter*, 756 F.2d 310 (3d Cir. 1995)); *Kis v. County of Schuylkill*, 866 F. Supp. 1462, 1470 (E.D. Pa. 1994) (misspelling of individual's name in arrest warrant did not render warrant defective where, among other facts, individual's correct address was listed on warrant and where officers had no doubt that they were arresting the proper individual); *see also United States v. Bonner*, 808 F.2d 864, 866-67 (1st Cir. 1986) (failure to include address of premises to be searched in warrant did not render warrant invalid, where premises was described in detail in accompanying affidavit, officers knew exactly which house was to be searched and officers searched only the correct house, without delay). In this case, in light of all of the facts described above, the inadvertent reference in the body of the search warrant to information relating to another individual should not render the search warrant defective.

For the reasons set forth above, the Government requests that the Court, after the conclusion of the Suppression Hearing, deny the defendant's Motion to Suppress.

Yours very truly,

COLM F. CONNOLLY
United States Attorney

BY: _____/s/_____
Christopher J. Burke
Assistant United States Attorney

Enclosures

cc:   James Joseph Haley, Jr., Esq.

IN THE MATTER OF:

Terrance Sirmans (dob 5-15-82, sbi#00351998)
AKA:
and the property located at:
25 S. Cannon Drive, Wilmington, DE 19809 / 1990 Ford Crown Victoria (vin 2FACP74F4LX169255
) SS:  SEARCH WARRANT
     APPLICATION AND AFFIDAVIT

DATE OF APPLICATION: 12-23-05

STATE OF DELAWARE
COUNTY OF: New Castle

CRIMINAL ACTION #:
VN0006076202

NAME(S) OF AFFIANT(S):

1. Mark Herron    of   State of Delaware-Probation/Parole
2.            of

personally appeared before me, and being duly sworn (affirmed) according to law, depose(s) and say(s) that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at particular premises or places or in the possession of a particular person(s) as described below:

Identify item(s) to be searched for and seized: the body of Terranace Sirmans, and any firearms, ammunition, purchase or sale papers indicating that Mr. Sirmans did possess a firearm in violation of his probation; which is used or intended to be used for the crimes of: Violation of Probation (Possession of a Deadly Weapon by a Person Prohibited) and Robbery 1st, Possession of a Weapon During Commission of a Felony.

Specific description of premises and/or place(s) and/or vehicle(s) and/or person(s) to be searched: a two story, brick row home one house to the left of an end unit (which is #23). The house has a green front door and a white storm door. Along side the door is a mailbox with the number 25. Also a 1990 maroon Crown Victoria, vin # 2FACP74F4LX169255, currently bearing the t-tag XB291017 in the back window.

Name of owner(s), occupant(s) or possessor(s) of premises and/or place(s) to be searched: Vameika Cephas, Terrance Sirmans.

PROBABLE CAUSE BELIEF IS BASED ON THE FACTS AND CIRCUMSTANCES SET FORTH IN THE HEREIN ATTACHED "PROBABLE CAUSE SHEET" CONSISTING OF ___ PAGES.

_Mark Herron_    of  Mark Herron- Probation/Parole
(Signature of Affiant #1)

00000125

Page 2 of _____ pages

STATE OF DELAWARE
COUNTY OF: New Castle          } SS:   SEARCH WARRANT
                               }      APPLICATION AND AFFIDAVIT

PROBABLE CAUSE SHEET

DATE OF APPLICATION: 12-23-05    CRIMINAL ACTION #: VN0006076202

If a nighttime search warrant is sought, the affiant(s) must include facts establishing the necessity of such a warrant in order to prevent the escape or removal of the person or thing to be searched.

Enter probable cause below:
1. Affiant is a Probation/Parole Officer, deputized and assigned to the U.S. Marshal's Fugitive Task Force in Wilmington, DE. This affiant has been an employee of the DE Department of Correction for over 17 years and has completed numerous training sessions including, the Probation/Parole Basic Officer Training Academy, The DEA two-week Drug Investigation Course, the Delaware State Police Basic Investigation Course and the North-east Counter Drug Training Center Warrant Execution Course.
2. Mr. Terrance Sirmans was being supervised on probation for the offense of Possessing a Weapon by a Person Prohibited. He was being supervised by Probation Officer Angela Latsko out of the New Castle Probation Office. On 10-28-05 a Delaware State Police warrant was issued for Mr. Sirmans. The warrant alledges that Mr. Sirmans committed Robbery 1st degree. The warrant also alledges that the Mr. Sirmans used a handgun in the robbery. In November of 05 Officer Latsko wrote a violation report and on 12-7-05 a Superior Court capias was issued. At this time both the DSP warrant and the Superior Court VOP capias are active.
3. According to Probation and Parole contact notes, at an office visit on 5-23-03 Mr. Sirmans indicated that he had a sister Vameika Cephas who resided at 25 Edgemoore Gardens. 25 S. Cannon is in Edgemoore Gardens. He indicated that her phone number was 764-4777. According to Probation records, at an office visit on 7-20-05 Mr. Sirmans indicated that he was going to try to live with his sister Vameika Cephas. According to those records, on 10-20-05 Angela Latsko did a home visit to Mr. Sirmans' last officially reported address of 115 Highland Blvd, apt B New Castle, DE.. At that time Mr. Sirmans' wife indicated that he was residing with his sister and that her phone number was 764-4777.
4. According to Delaware State Police Detective Rose's Robbery warrant a witness to the Robbery described the get-away vehicle as an older model Ford LTD with red or maroon coloring. After identifying Mr. Sirmans as a suspect he checked and found that Mr. Sirmans had received a traffic tickets operating a Ford Crown Victoria, red in color. Based on that a flag was placed on the suspected get-away vehicle, a red/maroon 1990 Ford Crown Victoria, DE tag 293442 registered to Vameika Cephas at 25 S. Cannon Drive, Wilmington, DE 19809.
5. This Officer did a CJIS check and learned that Ms. Cephas also has a Chevrolet 1998 Lumina registered in her name at 25 S. Cannon. In the last few weeks this Officer has observed the Lumina parked in the driveway of 25 S. Cannon on several occasions and noticed that on other occasions the vehicle was not present. This Officer believes that Ms. Cephas likely drives that vehicle.
6. On several occasions in the last three weeks this Officer observed the

previously mentioned Ford Crown Victoria (DE tag 293442) on Polk Drive, near the corner of Polk and Rodney. It should be noted that that location provides a direct line to the back of 25 S. Cannon and is just a short distance away. This Officer knows that wanted felons sometimes park a vehicle a short distance from a residence instead of in the driveway or in front of the residence. This is done to conceal the fact that they are at a location if they suspect that law enforcement officials may know what vehicle they drive.

7. On several occasions this Officer has observed that the above mentioned Crown Victoria was not parked at the above described location. Today (12-22-05) this Officer observed that the vehicle was again parked on Polk Drive near Rodney. However, the DE tag 293442 was no longer displayed on the vehicle. Instead a white paper t-tag was displayed in the rear window. The DE t-tag XB291017 was run on CJIS and comes back to a 1992 Pontiac Boneville registered to Yvette Burris at 132 Parma Ave, New Castle, DE. Probation and Parole records indicated that Yvette Burris aka Yvette Sirmans of 132 Parma Ave is the mother of Terrance Sirmans.

8. Based on the above reported information this Officer believes that fugitive Terrance Sirmans is likely residing with his sister at 25 S. Cannon. This Officer also believes that the gun, or some evidence of the weapon may be located at that residence or in the indicated Crown Victoria vehicle. Therefore this Officer respectfully requests that this warrant be granted for the residence and vehicle.

_____ of _____
(Signature of Affiant #2)

SWORN TO AND SUBSCRIBED BEFORE ME, THIS 23 DAY OF December, 2005.

_____     _____JP 20_____
(Signature of Issuing Authority)              (JP 20)

[Seal: JUSTICE OF THE PEACE COURT * STATE OF DELAWARE]

Page _____ of _____ pages

TO LAW ENFORCEMENT OFFICER(S): WHEREAS, facts have been sworn to or affirmed before me, by written affidavit(s) attached hereto, from which I have found probable cause, I do authorize you to search the herein described premises and/or place(s) and/or vehicle(s) and/or person(s) and to seize, secure, inventory and make return in accordance to the Delaware Code, the herein described items.

This warrant should be served NO LATER THAN _10:00_ [X] P.M. / ( ) A.M.

On _JANUARY 3_, 2006 and shall be executed only during DAYTIME hours. Issued under my hand this;

_____ day of _____, 2005 at _____ M o'clock.
(Issue time must be stated)

_____
(Signature of Issuing Authority)
(Seal)

═══════════════════════════════════════════════════

This warrant should be served no later than _____ ( ) P.M. ( ) A.M.

On _____, 2005___ and shall be executed ANYTIME during DAY OR NIGHT. Issued under my hand this

_____ day of _____, 2005___ at _____ M o'clock.
(Issue time must be stated)

_____
(Signature of Issuing Authority)
(Seal)

00000129

IN THE MATTER OF:

Terrance Sirmans
AKA:

and the property located at:
25 S. Cannon Drive, Wilmington, DE
19809/ Maroon 1990 Ford Crown
Victoria

} IN THE JP20
} STATE OF DELAWARE
} SEARCH WARRANT

THE STATE OF DELAWARE TO: <u>Mark Herron</u>, Probaton/Parole-State of <u>Delaware</u> with the assistance of any police officer or constable or any other necessary or proper person or persons or assistance.

GREETINGS:

Upon the annexed affidavit and application or complaint for a search warrant, as I am satisfied that there is probable cause to believe that certain property, namely the body of Curtis Henderson, and any documents used to falsely identify Mr. Henderson, which is used or intended to be used for the crimes of Fugitive from Justice-MD-Violation of Probation-PWIto DEl Drugs is being concealed in/on:

the ☒ premises; and/or the ☒ place(s); and/or the ☒ vehicle(s); and/or the ☒ person(s)

described in the annexed affidavit and application or complaint; and that a search of the premises in the (day) or night time is necessary in order to prevent escape or removal of the person or thing to be searched for.

NOW THEREFORE, YOU ARE HEREBY COMMANDED within _____ days of the date hereof to search the above-named person, persons, house, place or conveyance for the property specified in the annexed affidavit and application, and to search any occupant or occupants found in the house, place or conveyance above-named for such property serving this warrant and making search in the day or night time if the property is not a dwelling house and, if the property, papers, articles, or things, or any part thereof, be found there, to seize it, giving to the person from whom or from whose premises the property was taken, and to prepare a signed inventory of the goods seized in the presence of the person from whose possession or premises the property was taken, if they are present, or, if they are not present, in the presence of at least one witness, and to return this warrant, accompanied by the written inventory, to me forthwith.

DATED the 23 day of December A.D. 2005.

_____
Judge

JP 20
Court

00000130