## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-67-SLR |
| | ) | |
| TERRANCE SIRMANS, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

NOW COMES the United States of America, by and through its undersigned attorney, and hereby files the following joint proposed jury instructions for the Court's consideration in the above-captioned case:

Defendant's counsel, James J. Haley, Jr., Esquire, reviewed the proposed instructions, and has indicated to the Government that he does object to the joint proposed jury instructions.

COLM F. CONNOLLY
United States Attorney

BY:/s/ Robert F. Kravetz
Robert F. Kravetz
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

Dated:    January 3, 2007

# TABLE OF CONTENTS

**Page**

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

GENERAL

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 6

PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

EVIDENCE DEFINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

DEFENDANT'S ELECTION NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IMPEACHMENT OF DEFENDANT – PRIOR CONVICTION . . . . . . . . . . . . . . . . . . . . . . . .17

EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

NATURE OF THE CHARGES

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

PURPOSE OF THE STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

POSSESSION OF A FIREARM BY A FELON – ELEMENTS OF THE OFFENSE . . . . . . . . 22

STIPULATION REGARDING DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . .. 23

"FIREARM" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

i

**Page**

"KNOWINGLY" -- DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

"POSSESSION" – DEFINED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

"INTERSTATE COMMERCE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

DELIBERATIONS AND VERDICT

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .33

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

## PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### Duty of the Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

Rules For a Criminal Case

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts with a clean slate.

Second, the burden of proof is on the government throughout the case. A defendant does not have the burden of proving his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from

considering that the defendant may not have testified.

Third, in order to prove the defendant guilty, the government must prove his guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Summary of Applicable Law

In this case the defendant is charged in a one-count indictment with Possession of a Firearm by a Felon. I will give you detailed instructions at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must show to prove its case.

The essential elements of the charged offense are as follows:

**FIRST:**  That, prior to the date of the offense alleged in Count One of the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:**  That the defendant knowingly possessed the firearm charged in Count One of the Indictment, and;

**THIRD:**  That the firearm was in or affected interstate commerce before coming into the defendant's possession.

Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to

3

deliberate on your verdict, you simply are not to talk about this case, even with each other. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use – they are not to be given or read to anyone else.

### Course of the Trial

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence not arguments.

The government will then present its witnesses and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

4

# **GENERAL**

## **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## **JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

6

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## <u>REASONABLE DOUBT</u>

As you know, the defendant has pleaded not guilty to the crime charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Reasonable doubt is a term often used, probably well understood, but not easily defined. Reasonable doubt is what the term implies. The doubt must be reasonable. It is not a mere possible or imaginary doubt, because as you well know, everything relating to human affairs, and depending on oral testimony, is open to some possible or imaginary doubt. The government is not required to produce evidence that will exclude every possibility of a defendant's innocence. It is only required to prove his guilt beyond a reasonable doubt, not beyond all possible doubt.

The test is one of reasonable doubt. A reasonable doubt is a fair doubt, based upon

7

reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it, unhesitatingly, in the most important of your own affairs

Reasonable doubt may arise also from a lack of evidence or proof. If you find that the government has failed to produce evidence sufficient to satisfy you of the guilt of the defendant beyond a reasonable doubt, then he is entitled to an acquittal, or a verdict of "not guilty." But if, after considering all of the evidence and giving the accused the benefit of a reasonable doubt, both as to the evidence presented or the lack of evidence, you are led to the conclusion that he is guilty, you should so declare by your verdict.

Adapted: United States v. Isaac, 134 F.3d 42, 45 (3d Cir. 1998); Pattern Criminal Jury Instructions, 6th Circuit, § 1.03.

## "EVIDENCE" – DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – and all facts that have been agreed to or stipulated.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

9

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.04.

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.05.

11

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.06.

12

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness' intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is your job as jurors to determine whether an incorrect statement or prior inconsistent statement discredits the witness' testimony.

But bear in mind that an innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error

13

or intentional falsehood.

You have heard the testimony of law enforcement officers, including federal agents. The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. A law enforcement witness' credibility should be judged in the same way as any other witness.

Adapted: Pattern Civil Jury Instructions, 5th Circuit, § 2.16; 1 L. Sand, *et al.*, Modern Federal Jury Instructions at 7-16.

## **DEFENDANT'S TESTIMONY** [if applicable]

You have heard the defendant testify. The defendant's credibility should be judged in the same way as any other witness.

Adapted: Pattern Criminal Jury Instructions, 6th Circuit, § 7.02B.

## **DEFENDANT'S ELECTION NOT TO TESTIFY** [if applicable]

The defendant has an absolute right not to testify or present evidence. The fact that the defendant did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Pattern Criminal Jury Instructions, 6th Circuit, § 7.02A.

## IMPEACHMENT OF DEFENDANT–PRIOR CONVICTION [if applicable]

You have heard evidence that the defendant has been convicted of a crime. You may consider this evidence only in deciding whether the defendant's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose. A conviction of another crime is not evidence of the defendant's guilt of any crime for which the defendant is now charged.

Seventh Circuit Criminal Jury Instructions, Instruction No. 3.05.

## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety.

In weighing this opinion testimony, you may consider the witnesses' qualifications, their opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason,

18

judgment, and common sense. The determination of the facts in this case rests solely with you.

1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u> at 7-21; 1A O'Malley, *et al.*, <u>Federal Jury Practice and Instructions</u>, § 14.01 (5th ed. 2000).

## NATURE OF THE CHARGES

### INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crime charged was committed by the defendant. Also, keep in mind that whether anyone else should be prosecuted and convicted for this crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

20

## **PURPOSE OF THE STATUTE**

Count One of the Indictment charges the defendant with Possession of a Firearm by a Felon. Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms, was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and restriction of the distribution of firearms would be helpful to state and local authorities in meeting this problem.

Accordingly, it passed a series of laws designed at giving support to federal, state and local law enforcement officials in combating crime and violence. In general, these laws include provisions which, among other things, prohibit certain categories of people from possessing or receiving firearms which were shipped in interstate commerce. The government contends that the defendant was within the class of people prohibited from possessing firearms shipped in interstate commerce because he had been convicted of a crime punishable by more than a year in jail.

In your role as jurors, you are not be concerned with the wisdom or the policy of those laws. If in fact a violation has occurred, the law should be enforced.

2 L. Sand, et al., Modern Federal Jury Instructions (Criminal), §§ 35-46, 35-2 (2000).

21

## POSSESSION OF A FIREARM BY A FELON –
## ELEMENTS OF THE OFFENSE

Count One of the Indictment charges the defendant with Possession of a Firearm by a Felon. For you to find the defendant guilty of this charge, the Government must prove the following three elements beyond a reasonable doubt:

**FIRST:** That, prior to the date of the offense alleged in Count One of the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That the defendant knowingly possessed the firearm charged in Count One of the Indictment, and;

**THIRD:** That the firearm was in or affected interstate commerce before coming into the defendant's possession.

United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

22

## STIPULATION REGARDING
## DEFENDANT'S PRIOR FELONY CONVICTION

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that the defendant was convicted of a crime in the Superior Court in and for New Castle County, in the State of Delaware, and that this crime was a felony, that is, punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time the defendant is alleged to have possessed the firearm charged in Count One of the Indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what it was for.

2 L. Sand, et al., Modern Federal Jury Instructions at 35-48.

23

## **"FIREARM" – DEFINED**

A firearm is any weapon which will, or is designed to, or may readily be converted to expel a projectile by action of an explosive.

18 U.S.C. § 921(a)(3).

## **"KNOWINGLY" – DEFINED**

The Government must prove that the defendant acted "knowingly." This means that the defendant acted purposely and voluntarily, and not by accident or mistake.

The Government must also prove that the defendant knew that the weapon he is charged with possessing was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he could not lawfully possess a firearm, or that the defendant possessed the firearm with the intent to cause harm.

2B O'Malley, *et al.*, Federal Jury Practice and Instructions, § 64.15; United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001); United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## **"POSSESSION" DEFINED**

Next, you must find that the defendant possessed the firearm. I want to explain something about possession. The Government does not necessarily have to prove that the defendant physically possessed the firearm charged in the Indictment for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict. Proof of ownership of the firearm is not required.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the Government must prove that the defendant knowingly had the power to exercise dominion or control over the firearm and that he had the intention to exercise dominion or control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not automatically equal possession. The Government must prove that the defendant had actual or constructive possession of the firearm charged in the Indictment, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share

26

actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.10, United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992); 1A O'Malley, *et al.*, Federal Jury Practice and Instructions, §16.05.

27

## "INTERSTATE COMMERCE" – DEFINED

To satisfy the third element, the Government must prove that at some point prior to the defendant's possession of the firearm charged in Count One of the Indictment, the firearm was in or affected interstate commerce. It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm crossed a state line. It is not necessary that the Government prove that the defendant himself carried the firearm across a state line, nor must the Government prove who carried the firearm across a state line nor how the firearm was transported across a state line. It is also not necessary for the Government to prove that the defendant knew that the firearm had previously traveled through interstate commerce.

Proof that a firearm was manufactured outside of Delaware and traveled into Delaware is sufficient to satisfy this element.

The parties have stipulated that the firearm identified in Count One of the Indictment was in or affected interstate commerce.

2 L. Sand, *et al.*, Modern Federal Jury Instructions at 35-50; Scarborough v. United States, 431 U.S. 563, 567 (1977); United States v. Singletary, 268 F.3d 196, 198, 200 (3d Cir. 2001).

## **DELIBERATIONS AND VERDICT**

### **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone whatever your vote happens to be. That should stay secret until you are finished.

Adapted: Pattern Criminal Jury Instructions, 6th Circuit, § 8.01.

29

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the charge in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is Juror No. 1, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charge in the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.03.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.04.

31

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.05.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict.  The form will be given to the foreperson.

[*Explain verdict*]

If you decide that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.06.

33

## <u>COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.09.

34

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


BY:  /s/ Robert F. Kravetz
     Robert F. Kravetz
     Assistant United States Attorney
     1007 Orange Street, Suite 700
     P.O. Box 2046
     Wilmington, Delaware 19899-2046
     (302) 573-6277


Dated: January 3, 2007

35

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,               )
                                        )
      Plaintiff,                        )
   v.                                   )    Criminal Action No. 06-67-SLR
                                        )
TERRANCE SIRMANS,                       )
                                        )
      Defendant.                        )

### CERTIFICATE OF SERVICE

     I, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, hereby

certify that on the 3d day of January 2007, I caused to be electronically filed **Joint Proposed**

**Jury Instructions** with the Clerk of the Court using CM/ECF.  Said document is available for

viewing and downloading from CM/ECF.  I further certify a copy of the foregoing notice were

sent via U.S. mail, postage prepaid, to the attorney of record as follows:

          James J. Haley, Jr., Esquire
          1716 Wawaset St.
          P.O. Box 188
          Wilmington, DE 19899

                                     /s/
                         Robert F. Kravetz
                         Assistant United States Attorney
                         1007 Orange Street, Suite 700
                         P.O. Box 2046
                         Wilmington, Delaware  19899-2046