CHARGE TO THE JURY


UNITED STATES OF AMERICA

v.

TERRANCE SIRMANS


Criminal Action No. 06-067-SLR


ROBINSON, Chief Judge
January 24, 2007

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the elements, or parts, of the crime that the defendant is accused of committing.

I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

The defendant has pleaded not guilty to the crime charged in the indictment. A defendant starts trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

For the crime charged, the government must prove every element of that crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in

3

making the most important decisions in your own lives.  If you
are convinced that the government has proved the defendant guilty
beyond a reasonable doubt, say so by returning a guilty verdict
as to that count.  If you are not convinced, say so by returning
a not guilty verdict as to that count.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case consists of the sworn testimony of witnesses - regardless of who may have called them; all exhibits received in evidence - regardless of who may have produced them; and all facts that have been agreed to or stipulated.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

In addition, the indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you

5

to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things. Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

6

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## USE OF TRANSCRIPTS

During the trial, you viewed some video recordings that were played with a transcript to help you follow what was being said. As I instructed then, only the video recordings themselves are evidence; the transcripts are not evidence. Therefore, if you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not on what you read. Moreover, because only the recordings themselves were admitted as exhibits, if you view the recordings during your deliberations, there will be no transcription included on the DVDs which were admitted as exhibits.

## INDICTMENT IS NOT EVIDENCE

The defendant has been charged by the government with violating federal law. The charge against the defendant is contained in an indictment.

As noted before, an indictment itself is not evidence. It merely describes the charge made against the defendant. It is nothing more than an accusation. You may not consider it as evidence of the guilt of the defendant. Even though an indictment was returned against the defendant, the defendant began this trial with absolutely no evidence against him.

The defendant has pleaded "not guilty" to the charge in the indictment and denies committing the offense alleged by the government. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial.

11

It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You have heard testimony of law enforcement officers, including federal agents.  The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.  A law enforcement witness' credibility should be judged in the same way as any other witness.

## DEFENDANT'S TESTIMONY

You have heard defendant testify.  Defendant's testimony
should be judged in the same way as any other witness.

## EXPERT WITNESSES

In this case, I permitted Paul Gilbert to express his opinion about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

14

## NATURE OF THE CHARGES
## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the particular crime was committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

15

## POSSESSION OF A FIREARM BY A FELON
### ELEMENTS OF THE OFFENSE

Count one of the indictment charges defendant with possession of a firearm by a felon. For you to find defendant guilty of this charge, the government must prove the following three elements beyond a reasonable doubt:

**FIRST:** That, prior to the date of the offense alleged in count one of the indictment, defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That defendant knowingly possessed the firearm charged in count one of the indictment; and

**THIRD:** That the firearm was in or affected interstate commerce before coming into defendant's possession.

16

**STIPULATION REGARDING
DEFENDANT'S PRIOR FELONY CONVICTION**

With respect to the first element, the existence of a prior felony conviction, the parties have stipulated that defendant was convicted of a crime in the Superior Court in and for New Castle County, in the State of Delaware, and that this crime was a felony, that is, punishable by imprisonment for a term exceeding one year.  The parties have also stipulated that this felony conviction occurred prior to the time defendant is alleged to have possessed the firearm charged in count one of the indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else.  You are not to consider it for any other purpose, nor may you speculate as to what crime the prior conviction related.

17

## "FIREARM" - DEFINED

A firearm is any weapon which will, or is designed to, or may readily be converted to, expel a projectile by action of an explosive.

## IMPEACHMENT OF DEFENDANT-PRIOR CONVICTION

You have heard evidence that defendant has been convicted of a crime. You may consider this evidence only in deciding whether defendant's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose. A conviction of another crime is not evidence of defendant's guilt of the crime for which defendant is now charged.

19

## "KNOWINGLY" - DEFINED

The government must prove that defendant acted "knowingly". This means that defendant acted purposely and voluntarily, and not by accident or mistake.

The government must also prove that defendant knew that the weapon he is charged with possessing was a firearm, as we commonly use the word. The government is not required to prove that defendant knew that he could not lawfully possess a firearm, or that defendant possessed the firearm with the intent to cause harm.

20

## ACTUAL AND CONSTRUCTIVE POSSESSION

You must find that defendant possessed the firearm.  The government does not necessarily have to prove that the defendant physically possessed the firearm charged in the indictment for you to find him guilty of this crime.  The law recognizes two kinds of possession - actual possession and constructive possession.  Either one of these, if proved by the government, is enough to prove that element of the offense.  Proof of ownership of the firearm is not required.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant knowingly had the power to exercise dominion or control over the firearm and that he had the intention to exercise dominion or control over the firearm at some time, either directly or through other persons.

For example, if you left an item with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of the item while it was in the actual possession of your friend.

But understand that just being present where an item is located does not equal possession.  The government must prove that defendant had actual or constructive possession of the

21

firearm charged in the indictment, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of an item, then possession is sole. If two or more persons share actual or constructive possession of an item, then possession is joint.

You may find that the element of "possession", as that term is used in these instructions, is present if you find beyond a reasonable doubt that defendant had actual or constructive possession, either alone or jointly with others.

## "INTERSTATE COMMERCE" - DEFINED

To satisfy the third element, the government must prove that, at some point prior to defendant's possession of the firearm charged in count one of the indictment, the firearm was in or affected interstate commerce.  It is sufficient for the government to satisfy this element by proving that, at any time prior to the date charged in the indictment, the firearm crossed a state line.  It is not necessary that the government prove that defendant himself carried the firearm across a state line, nor must the government prove who carried the firearm across a state line nor how the firearm was transported across a state line.  It is also not necessary for the government to prove that defendant knew that the firearm had previously traveled through interstate commerce.

Proof that a firearm was manufactured outside of Delaware and traveled into Delaware is sufficient to satisfy this element.

The parties have stipulated that the firearm identified in count one of the indictment was in or affected interstate commerce.

23

## "ON OR ABOUT" - DEFINED

The government does not have to prove with certainty that the alleged crime occurred on the specific date charged in the indictment.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

24

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room, but only when all jurors are present. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Once you start deliberating, do not talk to the jury

25

officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson who, by custom of this court, is the juror seated in the first chair, front row.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

26

## UNANIMOUS VERDICT

Your verdict, whether guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the crime charged, you then return to the courtroom. Your foreperson will return the verdict to my courtroom deputy.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. If you decide that the government has proven the crime charged against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven the crime charged against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to my courtroom deputy.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

29

## COURT HAS NO OPINION

Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## END OF THE DAY

Let me finish with a general discussion about timing. We generally end our business day at 4:30. If we do not hear from you by 4:30, I will be sending a note into you to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations tomorrow morning. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations tomorrow, although you can talk about the case in the jury room, you can only talk when you are all present and participating. And when you go home, you are still not to talk about the case among yourselves or with anyone else. You are only supposed to talk about the case while you all are in the jury room.

So if you do go this evening, keep that instruction in mind. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back tomorrow morning at 9:30, unless you reach a verdict today. If you are recessing for the evening and coming back in the morning, again, you are not to start deliberating until you are all present in the jury room and participating together. Remember as well that you are not to read or listen to anything touching on this case, and you are not to conduct any independent investigation related to this case.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer back right away because we are all going to be stepping away from our phones for a few minutes.