IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2370

_____

UNITED STATES OF AMERICA

v.

TERRANCE SIRMANS
Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Crim. Action No. 06-cr-00067)
District Judge:  Hon. Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2008

BEFORE:  BARRY and STAPLETON, *Circuit Judges*,
and RESTANI,* *Judge*

JUDGMENT

This cause came on to be heard on the record from the United States District Court
for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a) on
May 8, 2008.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this
Court that the judgment of the said District Court entered May 3, 2007, be and the same is
hereby AFFIRMED.  All of the above in accordance with the opinion of this Court.

ATTEST:
/s/ Marcia M. Waldron
Clerk

DATED:  May 21, 2008

_____
*Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

Page# 2

07-2370

USA v. Terrance Sirmans



**Certified as a true copy and issued in lieu**
**of a formal mandate on** _____06/13/2008_____

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2370

_____

UNITED STATES OF AMERICA

v.

TERRANCE SIRMANS
Appellant

_____

On Appeal From the United States
District Court
For the District of Delaware
(D.C. Crim. Action No. 06-cr-00067)
District Judge:  Hon. Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2008

BEFORE:  BARRY and STAPLETON, *Circuit Judges*,
and RESTANI,* *Judge*

(Opinion Filed:  May 21, 2008)

_____

*Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

_____

## OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

In this appeal, Terrance Sirmans challenges the District Court's refusal to exclude evidence based on a minor typographical error in the search warrant that yielded it. We will affirm.

### I.

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

While executing a search warrant for Terrance Sirmans and his dwelling, officers discovered a loaded .38 Hi-Point pistol. As a result, Sirmans was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

Prior to trial, Sirmans sought to exclude the pistol because of a typographical error in the warrant. Specifically, the offending passage reads, "as I am satisfied that there is probable cause to believe that certain property, namely the body of Curtis Henderson, and any document used to falsely identify Mr. Henderson . . . is being concealed . . . on: the . . . premises," where the references to Curtis Henderson should be to Sirmans. (App. 20.) At the suppression hearing, the officer who drafted the warrant explained that a computer

2

malfunction left him unable to use the program he generally relied on to generate warrants, so he drafted the warrant by hand using a prior warrant for Curtis Henderson as a template. Apparently, during this process, the officer forgot to substitute Sirmans' name for Henderson's in this one instance.

After a hearing, the District Court concluded that the reference to Henderson was an inadvertent error. Given as much, and given that the warrant makes a host of references to Sirmans – indeed, it is even captioned as "In the Matter of Terrance Sirmans" – the District Court ruled that the search was proper. (*Id*.)

The gun was introduced at trial, and after two days of proceedings, Sirmans was convicted. He now appeals.[1]

## II.

According to Sirmans, this inadvertent failure to substitute his name for Henderson's means the warrant "fail[ed] to meet the Forth Amendment 'particularity requirement,'" and therefore, that the pistol "must be suppressed."

To be sufficiently particular, the Fourth Amendment requires the warrant to describe the items to be seized in a way that the officer conducting the search can identify them with reasonable effort. *E.g.*, *Bartholomew v. Pennsylvania*, 221 F.3d 425, 428-29 (3d Cir. 2000). Given the many references to Sirmans, and the general rule that "phrases

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291, review the District Court's factual findings for clear error, and its legal determinations *de novo*. *United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006).

in a search warrant must be read in context and not in isolation," we conclude that the warrant did indeed sufficiently identify Sirmans, and thus that it was sufficiently particularized. *United States v. Johnson*, 690 F.2d 60, 64 (3d Cir. 1982); *see id*. at 65 n.3. ("[T]he warrant and the affidavit contain a 'typographical error' in that there is no Chapter 4752 of the state code, although there is a Section 4752 which sets forth the designated crime. We attach no significance to this '(m)inor irregularit(y).'" (alterations in original)).

### III.

For this reason, we will affirm.

4